UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roberto MACEO RODRIGUEZ,<br><br>                             Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center,<br><br>                             Defendant. | Case No.: 25-cv-3626-AGS-MSB<br><br>**ORDER DENYING HABEAS PETITION (ECF 1)** |

      Self-represented petitioner Roberto Maceo Rodriguez seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      Though this "any potential merit" standard is low, Maceo Rodriguez's petition does not meet it. That is, he does not sufficiently explain why his current immigration detention is unlawful, so as to require habeas relief. The petition references a prior "I-220B order of supervision," which suggests that Maceo Rodriguez was previously ordered removed from the United States, only to be later released and allowed to stay in the country on an order of supervision. (*See* ECF 1, at 2–3.) Although he allegedly "complied with all ICE requirements and appointments," immigration officials re-detained him on "August 5, 2025." (*Id*.) Yet the petition gives no inkling as to why this re-detention should be considered unlawful. For example, he does not mention any procedural defects, such as the denial of "prompt" interview after his arrest. *See* 8 C.F.R. § 241.13(i)(3). Nor does he

1

suggest there is any other post-removal-order detention time that might render his current custodial period unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that "six months" is a "presumptively reasonable period of detention" for those detained under 8 U.S.C. § 1231).

The habeas petition is therefore **DENIED**. But the Court grants Maceo Rodriguez leave to amend. By **January 16, 2026**, he may file an amended petition that remedies the defects identified above. If he files an amended petition, Maceo Rodriguez must also list the respondent(s) by name, in their official capacity. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

Dated:  December 17, 2025

_____
Hon. Andrew G. Schopler
United States District Judge