1    UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF CALIFORNIA

3    Roberto MACEO RODRIGUEZ,                Case No.:  25-cv-3626-AGS-MSB

4                              Petitioner,    **ORDER REQUIRING ANSWER**

5    v.

6    WARDEN, et al.,

7                              Respondents.

8

9        Self-represented petitioner Roberto Maceo Rodriguez seeks a writ of habeas corpus

10   under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.)

11       At this stage, he need only make out a claim that is sufficiently cognizable to warrant

12   a response. *See* Rules Governing Section 2254 Cases in the United States District Courts,

13   Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any

14   attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting

15   application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In

16   this context, the relevant federal rules permit "summary dismissal of claims that are clearly

17   not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up).

18   But "as long as a petition has any potential merit, it is not so frivolous or incredible as to

19   justify summary dismissal[.]" *Id*.

20       Around "March 31, 2022," Maceo Rodriguez, a citizen of Cuba, "entered the

21   United States." (ECF 4, at 3.) He "was released under an Order of Supervision

22   (Form I-220B) and fully complied with all reporting requirements." (*Id*.) Over three years

23   later, on "August 5, 2025," "while voluntarily appearing at a routine [] check-in," petitioner

24   was allegedly "arrested" "without any individualized determination of flight risk or

25   danger." (*Id*.) The petition suggests that he has not received the procedure required for

26   revocation of release under 8 C.F.R. § 241.13(i)(3).

27       This challenge has sufficient potential merit to warrant a response. This Court has

28   already held that, absent the "prompt[]" "notice and [] opportunity to be heard," revocation

1

of release is unlawful. *See Soryadvongsa v. Noem*, No. 25-cv-2663-AGS-DDL, 2025 WL 3126821 (S.D. Cal. Nov. 8, 2025); *see also Rokhfirooz v. Larose*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025) (holding that when "ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered"); *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010) ("It is a well-known maxim that agencies must comply with their own regulations."); *Mendez v. Immigration & Naturalization Serv.*, 563 F.2d 956, 959 (9th Cir. 1977) ("[C]ourts have generally invalidated adjudicatory actions by federal agencies which violated their own regulations promulgated to give a party a procedural safeguard.").

By **January 13, 2026**, respondent must answer the petition. Any reply by petitioner must be filed by **January 20, 2026**. The Court will hold oral arguments on **February 3, 2026**, at **2:00 p.m.**

Dated:  January 6, 2026

Hon. Andrew G. Schopler
United States District Judge