UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Roberto MACEO RODRIGUEZ, by next friend Yanaris Rodriguez Trujillo,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No.:  25-cv-3626-AGS-MSB<br><br>**ORDER GRANTING AMENDED HABEAS PETITION (ECF 4)** |
| --- | --- |

Petitioner has now been in immigration custody under a final removal order for well over the six months that the Supreme Court deemed "presumptively reasonable" in these circumstances. On the current record, it appears there is no significant likelihood that he will be removed from the country in the reasonably foreseeable future. Thus, the Court grants his petition for a writ of habeas corpus and orders his release under his prior terms of supervision.

## BACKGROUND

Although petitioner Roberto Maceo Rodriguez has a convoluted immigration history, for present purposes the relevant facts are straightforward: For the past seven months, he has been in continuous immigration custody under a reinstated final order of removal. Specifically, on "August 5, 2025," Maceo Rodriguez was "arrested" at a scheduled ICE check-in. (*See* ECF 4, at 3.) The same day, the Department of Homeland Security "issued a Notice of Intent/Decision to Reinstate Prior Order." (*See* ECF 7-1, at 2.) Petitioner then "expressed fear of returning to Cuba and was placed in withholding[-]only proceedings." (*Id*.) A couple months later, an immigration judge "denied withholding of removal and ordered [petitioner] removed to Cuba." (*Id*.) Maceo Rodriguez appealed that denial of withholding. (*Id*.)

Maceo Rodriguez's earlier immigration proceedings are murkier, but a couple pertinent points are clear. First, in 2019 an immigration judge ordered him removed from

1

the United States, and the next month he was removed to Cuba. (ECF 7-1, at 2.) Second, a few years later, Maceo Rodriguez "[re]entered the United States" and was then "released under an Order of Supervision (Form I-220B)." (ECF 4, at 3; *see also* ECF 7, at 2.) This form of release is afforded to those who have a final removal order but aren't immediately removable. *See* 8 C.F.R. § 241.5(a) (describing orders of supervision).

## DISCUSSION

Before reaching the merits, the Court must decide whether Maceo Rodriguez's petition is procedurally deficient.

### A.    "Next Friend" Filing

The amended habeas petition here was signed by petitioner's wife, Yanaris Rodriguez Trujillo. A habeas application must be signed by either the petitioner or "someone acting in his behalf," known as a next friend. *See* 28 U.S.C. § 2242. Such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To establish such standing, "the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). The "burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Although she didn't file a formal motion, petitioner's wife has met her burden as a next friend. Taking the second prong first, Rodriguez Trujillo swears under penalty of perjury that she is petitioner's "wife" and is working "in support of his [p]etition." (*See* ECF 4, at 12.) As to the first prong—the petitioner's inability to litigate on his own—his wife asserts that Maceo Rodriguez "has limited formal education," a "lack of access to legal resources," and "limited English proficiency." (ECF 11, at 1.) This suffices to meet the next-friend burden. *See Florez Perez v. Bondi*, No. 25-cv-3820-AGS-MSB, 2026 WL

59785, at *1 (S.D. Cal. Jan. 7, 2026) (granting motion to act as next friend because of the petitioner's "limited English proficiency," which the next friend swore was "insufficient to understand or litigate federal habeas corpus procedure," and the petitioner had "no access to legal research tools, law library resources, or federal procedural materials" (cleaned up)). Also, petitioner originally filed a petition on his own (*see* ECF 1), which failed this Court's screening (*see* ECF 2), lending additional support to the request for next-friend status.

To be clear, although "next friend" status permits Rodriguez Trujillo to file the petition on her husband's behalf, "the statute does not authorize the 'next friend' to proceed without an attorney." *Morrison v. Tuolumne Cnty. Sheriff*, No. 1:25-cv-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025). So, unless Rodriguez Trujillo retains counsel, she cannot file anything else nor represent her husband in court. *See Hinojosa v. Warden, SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (requiring next friend to "be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves"), *report and recommendation adopted*, No. 2:22-cv-01780-KJM DB P, 2023 WL 4711303 (E.D. Cal. July 24, 2023).

In sum, the amended habeas petition is accepted, but the Court rejects all the subsequent filings by Rodriguez Trujillo. (*See* ECF 7–ECF 13.)

**B.    Habeas Petition**

Maceo Rodriguez argues that his prolonged immigration detention violates due process, and he seeks a writ of habeas corpus ordering his release. To succeed in a habeas application, petitioners must establish that they are "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(a), (c)(3). The Court's task is to ascertain the applicable law here and to determine whether Maceo Rodriguez's detention violates it.

**1.  *Legal Framework for Detention***

Petitioner is subject to a final "reinstated order[] of removal," so "[8 U.S.C.] § 1231's

3

detention provisions" apply. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021). That statute directs the Attorney General to "remove the alien from the United States within a period of 90 days," which is known "as the 'removal period.'"[1] 8 U.S.C. § 1231(a)(1)(A), (B)(i). "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2)(A).

Maceo Rodriguez has been detained longer than this 90-day "removal period," so his continued custody must be justified instead by § 1231(a)(6), the so-called "post-removal-period detention statute." *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). That statute provides that certain immigration detainees "may be detained beyond the removal period," including any "alien," like Maceo Rodriguez, "who is inadmissible under [8 U.S.C.] section 1182." 8 U.S.C. § 1231(a)(6); (*see* ECF 7-2, at 5 (noting that Maceo Rodriguez "is removable under Section 212(a)(9)(A)(ii) of the Immigration and Nationality Act," which is codified at 8 U.S.C. § 1182(a)(9)(A)(ii))).

But the post-removal-period detention statute has limits. In *Zadvydas*, the Supreme Court refused to interpret that law "to authorize indefinite, perhaps permanent, detention," which would be "a serious constitutional threat." 533 U.S. at 699. The Court instead blessed a "6-month period" of "presumptively reasonable" detention under that statute. *Id*. at 701. After that period, if the "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the government cannot meet that burden, the detention is "no longer authorized by statute" and must end. *Id*. at 699–700.

---

[1] The removal period does not begin until a removal order is "final." 8 U.S.C. § 1231(a)(1)(B)(i)&(ii). Notably, Maceo Rodriguez's appeal of the adverse withholding-of-removal ruling has no effect on the finality of his removal order: "[A]n alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Johnson*, 594 U.S. at 541.

### 2. *Application to Petitioner's Detention*

Maceo Rodriguez has been held in immigration custody under § 1182 for at least seven months, which is longer than the "presumptively reasonable" period of six months. *See Zadvydas*, 533 U.S. at 701. Under *Zadvydas*, Maceo Rodriguez has also satisfied his initial burden of showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *See id*. In 2022, immigration authorities released him on a Form I-220B order of supervision. (ECF 4, at 3; ECF 7-1, at 2.) To qualify for such release, the government had to determine that Maceo Rodriguez met six criteria, including that "[t]ravel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest." *See* 8 C.F.R. § 241.4(e)(1). This finding suggests that, at least as of 2022, officials believed that removal was not reasonably foreseeable. That inference is bolstered by the fact that the government didn't deport Maceo Rodriguez in the ensuing three years, even while he "fully complied with all reporting requirements." (ECF 4, at 3.)

So, the burden shifts to respondents to "rebut that showing." *Zadvydas*, 533 U.S. at 701. Yet the government offers no argument nor evidence regarding a change in circumstances since the 2022 order of supervision. (*See* ECF 7, at 2.) Rather, respondents argue merely that Maceo Rodriguez "has been detained for less than six months," and thus the government has no need to rebut petitioner's showing. (*Id*. at 2, 6.) In fairness, when respondents filed their return, Maceo Rodriguez had been in continuous detention for just over five months, not counting any prior periods of custody. (*See* ECF 4, at 3 ("August 5, 2025" arrest); ECF 7-1, at 2 (same); ECF 7, at 7 ("January 13, 2026" return).) But the Court is still left with only conclusory assurances, unsupported by sworn evidence, that the government "will promptly carry out Petitioner's removal to Cuba" or "seek to remove him to another country." (ECF 7, at 6.) The government's declaration is tellingly silent about whether it has secured—or even attempted to secure—any travel documents to remove petitioner to another country. (*See generally* ECF 7-1.) Thus, respondents have failed to rebut petitioner's showing that there is "no significant likelihood of removal in the

reasonably foreseeable future," and he must be released. *See Zadvydas*, 533 U.S. at 701.

## CONCLUSION

Maceo Rodriguez's habeas petition is **GRANTED**. Respondents must immediately release him under the terms of his I-220B order of supervision. The unauthorized next-friend filings (ECF 7–ECF 13) are stricken, and all other pending motions are denied as moot.

Dated:  March 17, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

6

25-cv-3626-AGS-MSB